Madison, Indi-
anapolis & Pe-
ru R. R.
vs.
Briscoe & Levi.

Case 17.

Motion.

Madison, Indianapolis & Peru Railroad *vs.* Briscoe
and Levi.

APPEAL FROM LOUISVILLE CHANCERY COURT.

The Revised Statutes does not repeal, but expressly continues the
laws in force regulating proceedings in the court of appeals, nor does
the Civil Code repeal the provisions of the act of 1798, allowing
damages on dismissal of appeals to the court of appeals when the
judgment or decree is for money.

[The facts of the case are set out in the opinion of
the court.—Rep ]

*Atwood,* for appellant—

This is a motion to correct the mandate of this
court, giving damages of ten per cent. on the dis-
missal of an appeal from a decree of the Louisville
Chancery Court; and it was insisted that all laws
giving damages in such cases were repealed by 748
*sec. of Code of Practice.* Provision is made for dam-
ages on affirmance of the judgments, &c., but none
for cases of dismissing appeals.

*Geo. A. & I. Caldwell,* for appellees—

The law of 798, giving damages on the dismissal
of appeals, is not repealed by the Revised Statutes
or Code of Practice, and therefore the judgment for
damages is right.

The 748*th sec. of the Code of Practice* does not re-
peal the former law. It provides that laws coming
within the *purview* of its provisions shall be repealed.
The word *purview* is defined by the court in *Payne vs.
Conner, &c.,* 3 *Bibb,* 181; according to that definition,
an act repealing all acts coming within its purview,
repeals all acts " in relation to cases which are
provided for by the repealing act." The ground as-
sumed to sustain this motion, is that the Code makes
no provision for damages on dismissing appeals, as
there is where there is an affirmance. The Code

being silent, therefore the law is left unaffected by the Code. The framers of the Code evidently understood the term *purview* as we do, and therfore say in the repealing sections, (748 *and* 875,) "all statutes 'and laws heretofore in force in this State, in any 'cases provided for by this Code, or inconsistent with 'its provisions, are hereby repealed and abrogated." We contend, therefore, that the damages are properly given by this court. If there was no such penalty on dismissals, the appeal might be repeated from time to time until barred by limitation.

Judge STITES delivered the opinion of the court.     Dec. 24, 1857.

On motion to set aside order allowing damages on dismissal of appeal.

The only question raised on this motion is whether, upon a dismissal of an appeal from a judgment order or decree, for the payment of money, the collection of which has been superseeded, the appellee is entitled to *ten per cent.* damages.

The act of 1798, (1 *Stat. Law*, 131,) is the only law which authorizes such judgment, and if that has been repealed damages upon *dismissals* are not allowable; but if still in force no doubt exists as to the right of appellee to his damages.

It is conceded that the Revised Statutes expressly recognize and continue in force all laws then in force regulating proceedings in the court of appeals; but it is contended that the several provisions of the Civil Code, applicable to this court, and which apply to, provide for, and regulate almost every character of proceeding from the original appeal to the final mandate, except in cases of dismissal, have virtually repealed the act in question. Or, in other words, that inasmuch as the legislature has thus regulated all proceedings in this court, and provided expressly for damages upon affirmances, and has failed to provide for damages on dismissals, that such failure should be deemed a constructive repeal of the law authorizing damages in such cases. And furthermore, that

such law, if not thus repealed by construction, is obviously within the purview of the Civil Code, and stands repealed by that section which expressly repeals all laws coming within its purview. (*Civil Code, sec.* 748.)

This view, though plausible, altogether overlooks another section of the Code, which defines with precision the repealing effect of the section last mentioned, and limits it to such laws as are inconsistent with the provisions of the Code, or are applicable to cases provided for by it· (*Civil Code, sec.* 875.) And which disposes of the question before us

The act of 1798, *supra,* is neither inconsistent with any provision, nor applicable to any case mentioned or provided for thereby. It relates to a class of cases not provided for or mentioned, as has been conceded in the argument, and must therefore be regarded as expressly excepted from the operation of *section* 748, and unaffected by any rule of construction implying a repeal.

In reply to the suggestion that the judgment appealed from is *in rem,* and not *in personam,* we deem it sufficient to say we do not so regard it.

The original proceeding was by attachment and *in rem,* but, as appears from the judgment, the appellants were before the court, by actual service and appearance, and they are ordered and required to pay the sum adjudged appellee. From that judgment or order they appealed, and sup erseded its collection by the execution of a bond.

The judgment, in our opinion, is *in personam* and not within that class of cases directing the sale of property in which damages are refused.

The motion to set aside the order awarding damages is *overruled*

The Rev. Stat. does not repeal, but expressly continues the laws in force regulating proceedings in the court of appeals, nor does the Civil Code repeal the provisions of the act of 1798, allowing damages on dismissal of appeals to the court of appeals when the judgment or decree is for money.